IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:09:CR0430 |
| | ) | |
| LOURDES ROJAS ALMANZA, | ) | Honorable Gerald Bruce Lee |
| | ) | |
| | ) | Sentencing:  April 30, 2010 |
| Defendant | ) | |
| | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and Charles F. Connolly and Marla B. Tusk, Assistant United States Attorneys, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual ("Guidelines" or "U.S.S.G.") § 6A1.2 (Nov. 2009), files this Position of the United States With Respect to Sentencing of defendant Lourdes Rojas Almanza ("Almanza" or "defendant").

The United States believes that the Probation Officer correctly calculated the Sentencing Guidelines level to be 26 – after an acceptance of responsibility reduction – which results in a 63 - 78 months Guidelines Range.  For the reasons set forth in this memorandum, however, the United States requests the court to sentence the defendant within the Guidelines Range established by the terms of the plea agreement.  The Probation Officer's Guidelines calculation includes two enhancements not included in the plea agreement; a two-point enhancement for 10 or more victims, and an additional two-point enhancement for loss of greater than seven million dollars.

With respect to the number of victims, at the time that the plea negotiations commenced, the United States did not have sufficient evidence to prove that there were more than 10 victim financial institutions. With respect to the loss amount, in exchange for the defendant's early guilty plea, the United States agreed to recommend a loss figure tied to Almanza's direct conduct as opposed to any related conduct. This resulted in a known loss at the time of the plea of approximately $3,126,000.[1] Using the terms agreed to in the plea agreement results in a Guideline level of 22, after acceptance of responsibility reduction. Therefore, in accord with the terms of the plea agreement and based on the defendant's cooperation and the factors set forth in 18 U.S.C. § 3553(a), the United States requests that this Court impose a sentence of 46 months, which is within the plea agreement adjusted Guidelines Range of 41 – 51 months.

*Background*

On September 23, 2009, Almanza, her brothers Ruben Rojas, Grover Rojas and Jaime Rojas, and ten others were charged in a fourteen-count indictment for their role in a wide-ranging mortgage fraud conspiracy. On December 17, 2009, Almanza pleaded guilty to the pending conspiracy charge. Almanza played an important role in the conspiracy, which continued for at least three years and encompassed over thirty different properties in Northern Virginia. During the time of the conspiracy, Almanza acted as a real estate agent and then loan officer. In these positions, she was directly involved in approximately a dozen fraudulent real-estate transactions. In support of the conspiracy, Almanza prepared and signed falsified and misleading loan documents, she added straw buyers to her bank account in an effort to mislead lenders as to the straw buyers' assets, and even drove straw buyers to the closing. She profited

---

[1] At the time of Almanza's plea, not all of the properties bought through the conspiracy had gone through foreclosure. The overall loss attributable to the conspiracy increases as properties continue through the foreclosure process. For example, Almanza was directly involved in the fraudulent purchase of 6210 Julian Street by co-

from these transactions through the commission she would receive by acting as a loan officer, and, in at least one transaction, through a direct transfer at the closing to her company – Almanza Corporation – of $50,000.

*Argument*

As this Court is aware, following the Supreme Court's decision in *United States v. Booker*, the Sentencing Guidelines are now advisory. 543 U.S. 220, 261 (2005). As such, "[i]n the wake of *Booker* . . . the discretion of the sentencing court is no longer bound by the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (quoting *Booker*, 542 U.S. at 264). The Supreme Court subsequently clarified that this means that the sentencing court "may not presume that the Guidelines range is reasonable." *Nelson v. United States*, --- US ----, 129 S.Ct. 890, 892 (2009). Nevertheless, "the sentencing court must first calculate the Guidelines range." *Id.* at 891; *see also Hughes*, 401 F.3d at 546 (holding that a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'"). Thus, "sentencing courts are not left with unguided and unbounded sentencing discretion." *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006).

I. **THE PROBATION OFFICER APPROPRIATELY CALCULATED THE GUIDELINES RANGE TO BE 63-78 MONTHS, HOWEVER, THE GOVERNMENT ASKS THIS COURT TO USE A RANGE OF 41-51 MONTHS FOR PURPOSES OF DETERMINING DEFENDANT'S SENTENCE**

Pursuant to the Plea Agreement, the parties agreed that the following provisions of the Sentencing Guidelines apply: base offense level of 7 and an increase of 18 levels based on an agreed upon loss of between $2,500,000 and $7,000,000.[2] The United States does not believe

---

conspirator Yesenia Banegas. At the time Almanza entered her guilty plea, however, the property was still in the foreclosure process. It has since been sold out of foreclosure, generating a loss of approximately $450,000.

[2] The Probation Officer found the loss amount to be over $9,500,000.00. *See* Presentence Report, at ¶ 39.

there are any other factors that applied as of the time the parties entered into plea negotiations, and asks this Court to use an Offense Level of 25.

In addition, the Probation Officer recommended that the defendant receive a two-point reduction for her acceptance of responsibility.[3] The United States agrees with that recommendation and if the Court finds that the defendant qualifies for the two-point reduction, the United States will file a motion requesting an additional one-point reduction pursuant to U.S.S.G. §3E1.1(b) and the plea agreement. These adjustments result in an adjusted offense level of 22 and a Guidelines Range of 41-51 months.

## II.   A SENTENCE OF 46 MONTHS INCARCERATION WOULD SERVE THE FACTORS SET FORTH IN SECTION 3553(a).

After calculating the appropriate guidelines range, "the court must 'determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006) (quoting *Green*, 436 F.3d at 455). It is the government's position that in this case the Sentencing Guidelines establish a reasonable sentencing range that appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Section 3553(a) directs the sentencing court to consider various factors including the nature and circumstances of the offense and characteristics of the defendant. In addition, Section 3553(a) states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).

In general, a sentencing court must "articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guidelines range betters serves the relevant sentencing purposes set forth in § 3553(a)." *Green*, 436 F.3d at 456; *see also Hughes*, 401 F.3d at 546 ("If the court imposes a sentence outside the guidelines range, it should explain its reason for doing so.").

### A. A Sentence of 46 Months Is Appropriate and Reasonable in Light of the Nature of Defendant's Criminal Conduct

In formulating a sentence, this Court must take into account the nature and circumstances of the offense and the defendant's characteristics. 18 U.S.C. § 3553(a)(1). Applying these sentencing factors to the facts of this case demonstrates that a sentence of 46 months incarceration is appropriate and reasonable. Defendant Almanza engaged in a serious and lengthy crime. For approximately three years, working as a real estate agent and loan officer, Almanza participated in a wide-ranging mortgage fraud conspiracy. She participated directly in over a dozen fraudulent mortgage transactions resulting in a loss of at least $3.1 million. In order to facilitate the fraudulent transactions, Almanza created or caused to be created false and misleading documents, including bank statements, pay stubs, W-2s and Verification of Employment forms. She would transfer money into the bank accounts of straw buyers to make it appear that they had significantly more assets than they did. In short, the defendant's conduct did not represent a momentary lapse of judgment or even a narrowly focused fraud. Her fraud was widespread, lasted multiple years and affected numerous financial institutions and mortgage

---

[3] The United States notes that Almanza is cooperating in the Government's ongoing investigation and the United States may file a Rule 35 motion when that cooperation is complete.

lenders.[4]  This serious conduct calls for a sentence that includes a significant period of incarceration.

>    **B.    A Sentence of 46 Months Incarceration Would Provide An Appropriate And Reasonable Deterrent Factor.**

In addition, a 46 month sentence is necessary and appropriate to afford both specific and general deterrence.  *See* 18 U.S.C. § 3553(a)(2)(B).  As discussed above, Almanza was willing to serve whatever role was necessary to carry out the conspiracy's fraudulent purposes.  She acted as both a real estate agent and a loan officer.  On occasion, she would drive the straw buyers to the closing.  And she was willing to add others to her bank account in an effort to support the misleading asset information contained on the falsified Uniform Residential Loan Applications.  In short, Almanza took proactive and affirmative steps to help the conspiracy succeed.

In addition, a substantial sentence is needed to establish general deterrence.  This conspiracy included a number of lead participants as well as multiple straw buyers.  Because the mortgage loan process relies heavily on the integrity of the real estate agent, loan officer and home buyer, the complicity of all three was critical to the success of the underlying conspiracy.  And there is no question that the conspiracy did succeed; it resulted in fraudulent loans for over 30 properties totaling well over $24,000,000.  Therefore, in addition to specific deterrence, it is important that any sentence given to the defendant serve as a deterrent to others who would abdicate their gatekeeper function and would work with straw buyers or real estate agents in an effort of further mortgage fraud.  The message must be that loan officers and others who defraud banks and mortgage lenders for their own personal gain will be punished appropriately, and that when they do that over an extended period of time and cause millions of dollars in loss, the

---

[4] As noted above, at the time of the plea negotiations, the United States knew that multiple victims suffered financial losses, but did not have evidence sufficient to identify more than 10 financial institutions or mortgage lenders.

punishment will be serious. Aa substantial period of incarceration is necessary to send the appropriate deterrent message.

### III. OTHER SENTENCING ISSUES

The government respectfully requests that as part of its sentence the Court order restitution in the amount of $9,587,849.00. Pursuant to 18 U.S.C. § 3664(d), the United States respectfully requests that the court continue the date for entry of an agreed restitution order by 90 days, so that the government can finish identifying the specific financial institution that suffered the loss. The government further requests that the Court order the defendant to make monthly restitution payments, in whatever amount the Court or the Probation Office deems appropriate, as a part of its sentence.

### *Conclusion*

For the reasons stated, the United States respectfully requests a sentence of 46 months incarceration and an order of restitution in the amount of $9,587,849.00, with a ninety-day continuance within which the parties can file a joint restitution order setting forth the specific restitution victims.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:       /s/
        Charles F. Connolly
        Assistant United States Attorney
        U.S. Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Ph: 703.299.3771
        Fax: 703.299.3981
        Charles.Connolly@usdoj.gov

        /s/
        Marla B. Tusk
        Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: 703.299.3700
        Fax: 703.299.3981
        Email: marla.tusk2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April 2010, I filed electronically the foregoing Position of the United States with Respect to Sentencing using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jonathan A. Simms
Rich Rosenthal Brincefield Manitta Dzubin & Kroeger, LLP
201 N. Union Street, Suite 140
Alexandria, VA 22314
703.299.3440
702.299.3441
*JASimms@RRBMDK.com*
Counsel for Defendant Lourdes Rojas Almanza

Nina Blanchard
Senior U.S. Probation Officer
Suite 100
10500 Battleview Parkway
Manassas, VA 20109
Tel:  (703) 366-2100
Fax: (703) 366-2350
*Nina_Blanchard@vaep.uscourts.gov*

                 /s/
                Charles F. Connolly
                Assistant United States Attorney
                U.S. Attorney's Office
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Ph:  703.299.3771
                Fax:  703.299.3981
                Charles.Connolly@usdoj.gov