IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:09cr430 |
| OSCAR BARAHONA, | ) | |
| FIDELINO FERRUFINO, | ) | Hon. Anthony J. Trenga |
| SANTOS EUCEDA MANZANARES, | ) | |
| DELMY MENDIETA, | ) | Trial Date:  July 19, 2010 |
| WILMER MENDIETA, | ) | |
| MARIA DEL CARMEN RAPALO, | ) | |
| JOSE RODRIGUEZ, | ) | |
| JOSE VILLATOROS, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MEMORANDUM ADDRESSING DEFENDANTS'
OPPOSITION TO GOVERNMENT'S 404(B) EVIDENCE**

The United States of America, through its undersigned attorneys, submits this memorandum to address an issue raised by defense counsel at the pre-trial hearing held on July 19, 2010.  Pursuant to the Court's scheduling order, the United States provided notice to counsel on July 9, 2010 that it may offer evidence about certain topics pursuant to 404(b).[1]  The notice provided was prophylactic in nature – that is the Government specifically stated that it believed that each category of described evidence was intrinsically related to the charged crimes and conduct but that if the Court disagreed, the government would seek to introduce the evidence pursuant to Federal Rule of Criminal Procedure 404(b).

Because the matters set forth below are intrinsic to the charged conspiracy the government should be allowed to offer evidence on these transactions at trial without recourse to

---

[1] The government provided addendums to its notice on July 12 and July 14.

404(b). If this Court disagrees, however, the government asks that the Court allow it to introduce this evidence pursuant to 404(b) for the reasons set forth below.[2]

### *Background*

The government's notice listed topics for five of the eight defendants. With respect to Fidelino Ferrufino, the government listed the following topics: (i) defendant Ferrufino was paid to recruit straw buyers, including but not limited to Jarbin Guevara Paz and Carlos Martinez, to "purchase" homes, and to introduce them to Ruben Rojas; (ii) defendant Ferrufino brought between 15 and 25 straw buyers to Ruben Rojas; (iii) defendant Ferrufino acted as an intermediary between certain home builders and home purchasers, in which Ferrufino would get money from the home builders and deliver it to the purchasers to incentivize them to purchase the home and to help them with mortgage payments; and (iv) defendant Ferrufino offered to bring unqualified buyers for identified houses to Jorge Cidar Mendez and have Mendez find straw buyers to obtain the mortgage loans in exchange for 50% of Mendez's real estate commission on the transaction. This information was obtained from witness interviews and was included in information provided to the defense as part of the government's Jencks production.

With respect to defendant Jose Rodriguez, the government listed the following topic: defendant Rodriguez requested and received a $75,000 kickback as an incentive to purchase 7400 Julian Street with his sister-in-law Betis Cruz. The payment was not listed on the HUD-1 and the loan was taken out only in the name of Cruz. This information was obtained from a witness and was included in information provided to defense as part of the government's Jencks production.

---

[2] The government is filing this motion because we anticipate that some of the evidence subject to this memorandum may arise during the direct testimony of a cooperating witness on July 20, 2010.

With respect to defendant Oscar Barahona, the government listed the following topic: Barahona bought a property in Falls Church as a straw buyer for Cecil Rojas Cardoza and was paid $3,000. This information was obtained from a witness and was included in information provided to defense as part of the government's Jencks production.

With respect to defendant Wilmer Mendieta, the government listed the following topic: defendant Wilmer Mendieta bought a property on Floyd Avenue as a straw buyer and was paid $5,000. This information was derived from Wilmer's interview with Fairfax County Detectives subsequent to his arrest on September 24, 2009. The memorandum of this information was provided to counsel on November 5, 2009.

Finally, with respect to Delmy Mendieta, the government listed the following topic: defendant Delmy Mendieta purchased 7308 Allan Avenue, Falls Church, Virginia from Jaime Rojas as a straw buyer and was paid approximately $5,000. This information was obtained from a witness and was included in information provided to defense as part of the government's Jencks production.

*Argument*

**I.       Rule 404(b) Applies Only To Acts Extrinsic to the Charged Crimes.**

The Fourth Circuit has held that "the Rule 404(b) inquiry applies only to evidence of other acts that are 'extrinsic to the one charged.'" *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (quoting *United States v. Chin,* 83 F.3d 83, 87 (4th Cir.1996)). Acts are ***intrinsic*** when they are "inextricably intertwined" or "part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Chin,* 83 F.3d 83, 88 (4th Cir. 1996). In addition, "evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged

3

offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" *United States v. Siegel,* 536 F.3d 306, 316 (4th Cir.2008) (quoting *United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir.1994)).

Evidence is also considered intrinsic if it is necessary to "provide context relevant to the criminal charges." *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007).  In a recent decision thoroughly analyzing the issue, the Fourth Circuit affirmed this principle.  In *United States v. Siegel,* 536 F.3d 306, 316 (4th Cir. 2008) the government sought to introduce evidence of prior crimes committed by the defendant that were not charged in the indictment.  The court found that the "other crimes" evidence was intrinsic to the crimes charged in the indictment because it provided "important context" to the charged crimes.  *Id.* at 317.  The court also determined that the evidence was intrinsic because it touched on the defendant's motive for committing the charged crimes.  *Id.*

## II.     The Noticed Topic Areas Are Clearly Intrinsic to the Charged Conduct.

The noticed topic areas are clearly intrinsic to the charged conduct.  Indeed, with respect to defendant Ferrufino, the indictment specifically includes allegations that Ferrufino "identified straw buyers with good credit" and "recruited them to purchase homes in Northern Virginia." Indictment, at ¶ 22.  Although the indictment does not specifically list Ferrufino's efforts to work with another real estate agent in a similar fashion, his efforts to do so during the time period of the charged conduct provide important context to the charges.

The noticed topics for defendants Barahona, Wilmer and Delmy all relate to other homes that they purchased as straw buyers.  Because  the indictment charges these defendants with getting paid to act as straw buyers during the 2004 – 2007 time frame, any additional straw-purchases within that time period should be considered part of the charged conduct and intrinsic.

Finally, the government notified counsel for defendant Rodriguez that it may seek to introduce evidence of a kickback that Rodriguez requested in order to purchase a house with his sister in law. Rodriguez requested $75,000 to do this, and he was in fact paid $75,000 to engage in the transaction. This transaction occurred during the time of the charged conspiracy and involved Rodriguez affirmatively reaching out to Ruben Rojas and affirmatively requesting the kick-back. Once again, this evidence is inextricably entwined with the charged conduct and completes the story of the crime. As such, it is the government's position that these topics are intrinsic to the charged conduct and fall outside the scope of Rule 404(b).

### III. Even If Deemed Extrinsic, the Noticed Evidence Is Admissible Under Rule 404(b)

Even though the evidence contained in the July notice is intrinsic, such evidence would be admissible in the government's case-in-chief under Rule 404(b) of the Federal Rules of Evidence. In general, Rule 404(b) provides that evidence of other crimes, wrongs or acts is inadmissible to prove a defendant's character, but may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).

The Rule's list of purposes for which prior bad acts may be admitted is illustrative rather than exclusionary. *United States v. Percy*, 765 F.2d 1199, 1203 (4th Cir. 1985). Consequently, the Rule is characterized as an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. *United States v. Queen,* 132 F.3d 991, 994-95 (4th Cir.1997). And, evidence that is admissible under Rule 404(b) is not limited to *prior* bad acts but can include subsequent conduct by the defendant. *See, e.g.*, *United States v. Mohr*, 318 F.3d 613, 617-21 (4th Cir. 2003).

For evidence of uncharged misconduct "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." *Siegel,* 536 F.3d at 317 (internal quotation marks and citation omitted). In addition, the evidence must be more probative than prejudicial. *Id.* at 319 (citing Fed.R.Evid. 403).

The noticed topics are clearly relevant to issues other than character. In fact, the evidence is relevant to proof of defendant's motive, intent, knowledge, and lack of mistake or accident. *See, e.g., Siegel*, 536 F.3d at 317-18 (allowing evidence of other crime because it was probative of defendant's motive and tended to show her "modus operandi"). Defense counsel conceded in opening remarks that the key issue confronting the jury will be each defendant's criminal intent. Each of the topic areas noticed to the defendants is relevant to proving this issue. Ferrufino recruiting of other straw buyers indicates his knowledge of the conspiracy and scheme. The additional straw purchases indicate an absence of mistake or accident. And Rodriguez's request for a $75,000 kickback is relevant to his motive, intent, and lack of mistake or accident. As such they are relevant to issues other than character. *See Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 52 (4 Cir. 1993) ("[W]hen intent to commit a crime is at issue, we have regularly permitted the admission of prior acts to prove that element.").

This evidence is also necessary within the meaning of Fourth circuit 404(b) jurisprudence, which recognizes that 404(b) evidence is necessary if it goes to "an essential part of the crime on trial or where it furnishes part of the context of the crime." *Siegel*, 536 F.3d 319. Once again, because the evidence goes to knowledge and intent, it goes to an essential element of the crimes charged. *See United States v. Bailey*, 990 F.2d 119, 124 (4th Cir. 1993) (permitting introduction of evidence of prior bribe paid to state legislator-defendant as evidence of defendant's intent at time of charged bribe).

6

Finally, the evidence is also reliable. It is important to note that for 404(b) purposes, the reliability hurdle is a low one. "Evidence is reliable for purposes of Rule 404(b) unless it is so preposterous that it could not be believed by a rational and properly instructed jury." *Siegel,* 536 F.3d at 319 ((quoting *United States v. Aramony,* 88 F.3d 1369, 1378 (4th Cir.1996)); *see also Huddleston v. United States*, 485 U.S. 681, 689-90 (1988) (Rule 404(b) evidence is deemed reliable if it is sufficient to allow the jury to reasonably conclude, by a preponderance of the evidence, that the other acts occurred, and that the defendant was the actor.)

With respect to defendant Ferrufino, there will be multiple witnesses that will corroborate Ferrufino's role as a recruiter of other straw buyers and home purchasers. There will also be documentary evidence that will corroborate the testimony of the witnesses. With respect to Wilmer, the evidence is based on the defendant's own statement to law enforcement in his post-arrest interviews. With respect to the remaining defendants the evidence is based on the testimony of a cooperating witness, but will be corroborated in substantial part by documentary evidence. This documentary corroboration and the consistency of the conduct with the crimes charged ensure that the reliability rises well above the level of "preposterousness." In fact, the Fourth Circuit commented that the 404(b) evidence at issue in *Siegel* showed that the defendant would go to "shocking lengths to get the money she needed to fuel her gambling addiction" but was in no sense "preposterous or unbelievable." Given the allegations in the indictment, evidence of other straw-purchases, other efforts to recruit straw buyers or other evidence of kickbacks for purchasing property can in no way be considered preposterous.

Once the prior-bad-acts evidence has satisfied the above criteria, it may be admitted unless its probative value is substantially outweighed by its prejudicial effect. *United States v.*

*Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998); Fed. R. Evid. 403.  The Fourth Circuit has made it clear that demonstrating unfair prejudice is not an easily met standard:

> [D]amage to a defendant's case is not a basis for excluding probative evidence.  And for good reason.  Evidence that is highly probative invariably will be prejudicial to the defense.  It is worth remembering that the touchstone for excluding evidence under Rule 403 is not prejudice, but "unfair" prejudice.  Moreover, unfair prejudice must "substantially" outweigh the probative value of the evidence.

*United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) (permitting evidence of two shootings (one fatal) in a case where defendant was charged with multiple counts of drug and weapons possession); *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990) (incriminating evidence is inherently prejudicial).

As such, to exclude evidence pursuant to Rule 403 the district court must be convinced "that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *Van Metre*, 150 F.3d at 350.  There is no unfair prejudice under Rule 403 when the extrinsic act is no more sensational or disturbing than the crimes with which the defendant is charged. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995); *see Van Metre*, 150 F.3d at 351.  Therefore, the necessary question under Rule 403 is whether the evidence has the potential to cause unfair prejudice, and whether the danger of such prejudice substantially outweighs any probative value that the evidence might have.  *United States v. Mark*, 943 F.2d 444, 449 (4th Cir. 1991).  No such situation exists here.

Although the evidence contained in the July notice is prejudicial because it is incriminating, it is also highly probative.  The bad acts noticed occurred during the time period charged in the indictment, involved many of the same participants, and mirrored the illegal conduct by the defendants in the charged schemes.  Moreover, most of the witnesses who will

8

testify about the noticed items will already be testifying about other aspects of the conspiracy. Therefore, the presentation of evidence as to these other issues will not unduly focus on them, will not prolong the trial, and will not otherwise distract the jury. Accordingly, the risk of unfair prejudice is minimal, especially compared to the risk of unfair prejudice considered acceptable by the Fourth Circuit in other cases involving vastly greater potential for eliciting emotional reactions. *See, e.g.*, *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (upholding conviction in a felon-in-possession case in which evidence of murder was admitted by government in its case-in-chief); *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) (admitting fatal shooting in drugs and weapons case).

There can be no question that the probative value of the evidence was not substantially outweighed by unfair prejudice, particularly in light of the fact that it is so similar to the charged conduct. For the foregoing reasons, if the Court decides to treat the evidence in the November 2007 notice as extrinsic, the government should still be permitted to present such evidence in its case-in-chief.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:          /s/
Charles F. Connolly
Marla B. Tusk
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: charles.connolly@usdoj.gov
Email: Marla.Tusk2@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on the 20th day of July 2010, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Joseph John McCarthy<br>*mccarthy@lawdmc.com*<br>*Counsel for Jose Rodriguez* | Kimberly Jo Phillips<br>kphillips@patrickhenry.net<br>*Counsel for Jose Villatoros* |
| Jeffrey Daniel Zimmerman<br>zimpacer@gmail.com<br>*Counsel for Maria Del Carmen Rapalo* | Drewry B. Hutcheson , Jr<br>hutch365@msn.com<br>*Counsel for Oscar Barahona\* |
| Dwight Everette Crawley<br>vadclawyer@aol.com<br>*Counsel for Fidelino Ferrufino* | John Louis Machado<br>johnmachadoesq@kreative.net<br>*Counsel for Santos Euceda Manzanares* |
| Alan H. Yamamoto<br>yamamoto.law@verizon.net<br>*Counsel for Delmy Mendieta* | Gary H. Smith<br>smithgh58@aol.com<br>*Counsel for Wilmer Mendieta* |

                                      /s/
                            Charles F. Connolly
                            Assistant United States Attorney
                            2100 Jamieson Avenue
                            Alexandria, Virginia 22314
                            Phone:  703-299-3700
                            Fax: 703-299-3981
                            Email: charles.connolly@usdoj.gov